# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| IN RE: Nisha Palacio | Case No. |
| Plaintiff | COMPLAINT |
| | **Judge: Thomas M. Durkin** |
| | **Magistrate: Sheila M. Finnegan** |
| v. | July Demand Requested |
| Source Receivables Management<br>4615 Dundas Drive, Suite 1002<br>Greensboro, NC 27407 | **Amended Complaint** |
| Defendant | |

Now comes Plaintiff, by and through her attorneys, and, for her Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Nisha Palacio, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Source Receivables Management. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits any false, misleading or deceptive threats in connection with the collection of a debt 15 U.S.C. Section 1692f.

3. The Seventh Circuit Court of Appeals recently held in "[I]n sum, the meaning of Section 1692f(8) is clear: When a debt collector communicates with consumers through the mails, it may not sue any language or symbol on the envelope except for its business name or address, as long as the name does not indicate that he is in the debt collection business. *Preston v. Midland Credit Mgmt., Inc.* 948 F.3d 772 (7th Cir. 2020)

## JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337,

1367; and 15 U.S.C. section 1692(d).

5. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

6. Plaintiff, Nisha Palacio (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
7. Plaintiff is a resident of the State of Illinois.
8. Defendant, Source Receivables Management ("Defendant"), is a North Carolina business entity with an address of 4615 Dundas Drive, Suite 102, Greensboro, North Carolina 27407, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
9. Unless otherwise stated herein, the term "Defendant" shall refer to Illinois Collection Service.
10. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## STANDING

11. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.
12. The language (detailed blow) has been exposed to third parties and now Plaintiff's reputation has been damaged or faces a real risk of being damaged due to Defendant's conduct.

## ALLEGATIONS

13. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $600.04 (the "Debt") to an original creditor (the "Creditor")
14. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to

Debt.

15. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
16. On October 13, 2020, Defendant mailed, via United States Mail, a dunning letter to Plaintiff a collection letter.  See Exhibit A.
17. In the "window" area of the envelope, language showing that it is a debt collection letter is clear to anyone looking at the envelope."  See Exhibit A.
18. Specifically, anyone looking at the envelope can see "debt collector" and "validity of the debt."  See Exhibit A.
19. The language in paragraph of this Complaint was not regarding the name of Defendant's business, nor was it part of assisting with getting this communication to the Plaintiff's Address.
20. The language described in paragraph 18 is clearly a violation of 15 U.S.C. Section 1692f(8)

## JURY DEMAND

21. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

22. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

        (1) Statutory damages;

        (2) Attorney fees, litigation expenses and costs of suit; and

        (3) Such other and further relief as the Court deems proper.

Respectfully submitted,
/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, LLP
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff